UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

WINDY LUCIUS,

    Plaintiff,

v.

Babushka's Hospitality Group LLC
d/b/a Babushka's

    Defendant.

_____/

## COMPLAINT

Plaintiff Windy Lucius ("Plaintiff") by and through her undersigned counsel hereby sues Defendant Babushka's Hospitality Group LLC doing business as Babushka's ("Defendant"), a Florida limited liability company, for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been

given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and 28 U.S.C. § 2201, § 2202.

3. Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff uses the internet and a mobile device to help her navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide her a window into the world that she would not otherwise have. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired. Plaintiff brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) which does not provide to her (a visually impaired customer) the ability to effectively communicate with Defendant's place of public accommodation despite using the available software for that purpose.

5. Plaintiff is also a "tester" for the purpose of asserting her civil rights. She monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6. Defendant owns and operates the Babushka's restaurant located in Hyde Park at 901 West Platt Street, Tampa, Florida 33606. Babushka's Hyde Park restaurant specializes in serving Russian and Eastern European cuisine (such as Blinchikia, Pirozhki, and honey cake) made with organic ingredients. Defendant's restaurant is open to the public, therefore is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7) (B), §12182, and 28 C.F.R. §36.104(2). Defendant's restaurant is referenced throughout as "place of public accommodation," "Babushka's (Hyde Park) restaurant," or "restaurant."

7. As Defendant is the owner and operator of the Babushka's Hyde Park restaurant, Defendant is defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104(2).

8. Defendant's Babushka's Hyde Park restaurant is one of two Babushka's brand restaurants within the state of Florida. The second Babushka's[1] is located in Temple Terrace at 12639 N 56th Street, Temple Terrace, Florida 33617,

---

[1] Owned by Chudacoff LLC, which is not a party to this action.

but is not a party to this action.

9.     Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, and/or became a beneficiary of the mobile website [https://www.babushkas.us](https://www.babushkas.us) (hereinafter "mobile website") for the public (such as Plaintiff) to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to Defendant's restaurant, as it delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons of its Babushka's Hyde Park physical location.

10.    The mobile website is offered by Defendant as a way for the public to become familiar with Babushka's menu selections, the two Babushka's restaurant locations and their hours of operation, provides a link to reserve a table for dining within each of the restaurant locations, provides a link to order food online or for pick up at each of the restaurant locations, offers information about catering and inquiring about private dining events, provides links to the Babushka's restaurant Facebook and Instagram pages, and provides other information Defendant seeks to communicate to the public. The mobile website also enables the public/patrons to purchase gift cards for exclusive use in Babushka's restaurants. By the provision of menu selection, reservation services, prepared food order to-go and delivery options/selection, and the ability to purchase Babushka's gift cards online, the


mobile website is an integral part of the goods and services offered by Defendant on behalf of its Babushka's Hyde Park restaurant. By this nexus, the mobile website is characterized as a Place of Public Accommodation subject to Title III of the ADA[2], 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

11.    The https://www.babushkas.us mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. Defendant has subjected itself to the ADA because the mobile website is offered as a tool to promote, advertise and sell products and services from its Babushka's Hyde Park restaurant. As a result, the mobile website must interact with the public, which includes Plaintiff (a visually impaired person). Therefore, the mobile website must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[3]

---

[2] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice. The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/. The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

[3] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

12. The https://www.babushkas.us mobile website does not properly interact with VoiceOver screen reader software technology in a manner that allows Plaintiff (a visually impaired person) to comprehend the mobile website and does not provide other means of accommodation.

13. Like the seeing community, Plaintiff would like the opportunity to be able to use the mobile website to comprehend Babushka's Hyde Park restaurant menu selections and to test for the ability to make reservations, to test for the ability to order food to-go or for delivery, to inquire about private dining events and catering, and to test for the ability to purchase gift cards online. However, unless Defendant is required to eliminate the barriers to Plaintiff's ability to communicate with Defendant through the mobile website, Plaintiff will continue to denied full and equal access to the mobile website and will be deterred from fully using that mobile website.

14. Plaintiff is continuously aware of the violations on the https://www.babushkas.us mobile website and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist.

15. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is her only means to secure adequate redress from Defendant's reliance on the mobile website for reservation service, food order and delivery, group/special event dining inquiries online, and purchasing

gift cards online.

16. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

19. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

20. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where

7

necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

21. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

22. The https://www.babushkas.us mobile website has been designed to integrate with Babushka's restaurants through the provision of a reservation service, food order and delivery service, the ability to inquire about private events online and the ability to purchase gift cards online. Defendant has extended its Babushka's Hyde Park restaurant into individual persons' homes and portable devices wherever located through the mobile website which is a service, facility, privilege, advantage, benefit and accommodation of its restaurant. Because the mobile website is integrated with, and is a nexus to, Defendant's brick-and-mortar restaurant, it is required by 28 C.F.R. Section 36.303 *et seq*. to provide effective communication to Plaintiff, as a visually impaired person.

23. Plaintiff attempted to access and test the https://www.babushkas.us mobile website, but was unable to do so because the mobile website contains barriers

to effective communication for visually impaired individuals such as herself. Plaintiff continues to be unable to effectively communicate with Defendant through the mobile website and understand the content therein because numerous portions of the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to Plaintiff (a VoiceOver screen reader software user) include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

  i. Guideline 1.1.1 Non-Text Content is violated. The content in the *Bar* Menu is not accessible to mobile VoiceOver screen reader software users. For example, the *House Infused Vodka* section is only announced as "image."

  ii. Guideline 1.3.1 Info and Relationships is violated. The content in the *Lunch* Menu is not announced. After opening the *Lunch* menu on a mobile device, a mobile VoiceOver screen reader software user hears "image" announced 10 times followed by the announcement of "screenshot," which does not provide the mobile VoiceOver screen reader software user meaningful access/comprehension of the *Lunch* Menu.

  iii. Guideline 1.4.5 Images of Text is violated. The mobile website does not use images of text (so that screen readers are unable to comprehend). For example, The *Dinner* menu is only available as an image. None of the content in the *Dinner* menu is announced, only "image" is announced multiple times.

  iv. Guideline 2.4.3 Focus order is violated. The mobile website is required to provide focus in a logical order, and this has been violated. The focus order in the *Summer* Menu is not correct which prevents mobile VoiceOver screen reader software users from understanding the menu content. For example, after the *Cold Soups* heading at the bottom of the menu is announced, focus moves to the top of the page and "7, 12, 13" is announced which is unintelligible to the mobile VoiceOver screen reader software user. Further, the beverage types next to each price is not announced, nor is the section heading. Instead, just three prices are announced without context.

    v.    Guideline 3.3.1 Error Identification is violated. After a mobile VoiceOver screen reader software user submits the *Catering* form (with errors in a field), "fill out this field" is announced. Wile the specific field with the submitted error is indicated by a visual arrow, neither the field label nor the arrow is announced, and focus does not move to the field with the input error. After the error is announced, focus moves to the unlabeled image shown beneath the form. Therefore, the mobile VoiceOver screen reader software user is unable to independently (without assistance) locate the error field and correct it accordingly.

24. In this instant case, the mobile website reservation system is linked to a third party vendor. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to a third party vendor platform does not absolve Defendant of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to unequal treatment "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).

25. As the beneficiary of a mobile website which serves as a gateway to its restaurant, Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create and maintain a mobile website that is accessible to Plaintiff so that she (as a visually impaired person) can enjoy full and equal access to the mobile website and the content therein, including the ability to test and/or communicate her desire to make a reservation to dine within the Babushka's Hyde Park restaurant, to order food online for pickup or delivery, to inquire about catering and private dining events, and to purchase gift cards online.

26. Defendant has violated the ADA by failing to interface the mobile website which is directly linked to its restaurant with VoiceOver screen reader software utilized by Plaintiff (a visually impaired individual) (reference violations delineated within paragraph 23) either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in its denying Plaintiff effective communication on the basis of her disability in accordance with 28 C.F.R. Section 36.303 *et seq*.

27. Plaintiff is continuously aware of the violations within the mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test the mobile website as long as those violations exist.

28. As the result of the barriers to communication which are present within the mobile website and by continuing to operate and/or benefit from the mobile

11

website with such barriers, Defendant has contributed to Plaintiff's frustration, humiliation, sense of isolation and segregation and has deprived Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the barriers to effective communication within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website, Plaintiff has been deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and has been deterred and discouraged from doing so. By benefiting from and/or maintaining a mobile website with barriers to effective communication, Defendant has deprived Plaintiff the equality of opportunity which it offers to the general public.

29. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's violations until Defendant is compelled to comply with the requirements of the ADA and conform the mobile website to WCAG 2.1 Level A and AA Guidelines.

30. Plaintiff desires to access the mobile website to assure herself that the mobile website is in compliance with the ADA so that she will be able to comprehend the mobile website. However, Plaintiff has a realistic, credible, existing and continuing fear of not being able to comprehend the Babushka's restaurant menu selections, and test the Babushka's Hyde Park restaurant reservation service, test for

the ability to order food online, inquire about catering and private events online, and to test for the ability to purchase gift cards online due to Defendant's non-compliance with the ADA with respect to the mobile website.

31. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff will continue to suffer injury and damage without the immediate relief as requested herein.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter its mobile website to make it readily accessible to and usable by Plaintiff (a visually impaired person).

**WHEREFORE,** Plaintiff Windy Lucius hereby demands judgment against Defendant Babushka's Hospitality Group LLC and requests the following injunctive and declaratory relief:

a. The Court issue a Declaratory Judgment that determines that the mobile website is in violation of Title III of the Americans with Disabilities Act and 28 C.F.R. Section 36.303 *et seq.*;

b. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain a mobile website which serves as a gateway to its restaurant to ensure that it is readily accessible to and usable by Plaintiff, a visually impaired person;

c.     The Court issue an Order directing Defendant to alter the mobile website to the full extent required by Title III of the ADA;

d.     The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that Plaintiff (a visually impaired person) will be able to effectively communicate with the mobile website for purposes of comprehending Babushka's Hyde Park restaurant menu selections, ordering/paying for gift cards online, for making reservations to dine within the restaurant, for ordering food online for delivery or pickup, and for inquiring about space for private dining events, and during that time period prior to the mobile website's being designed to permit Plaintiff to effectively communicate, requiring Defendant to provide an alternative method for Plaintiff to effectively communicate so that she is not impeded from obtaining the goods and services which Defendant has made available to the public through the mobile website.

e.     The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards Plaintiff (a visually impaired person) for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f.     The Court enter an Order directing Defendant to continually update and maintain the mobile website to ensure that it remains fully accessible

and usable pursuant to Title III of the ADA;

g. The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h. The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September 6, 2022

        Respectfully submitted,

        */s/ J. Courtney Cunningham*
        J. Courtney Cunningham, Esq.
        J. COURTNEY CUNNINGHAM, PLLC
        FBN: 628166
        8950 SW 74th Court, Suite 2201
        Miami, Florida 33156
        Telephone: 305-351-2014
        Email: cc@cunninghampllc.com
        *Counsel for Plaintiff*